**Arthur Taylor LEE, Petitioner–Appellant,**

v.

**Gail LEWIS, Warden; Attorney General of the State of California, Respondents–Appellees.**

**No. 00–55277.**

**D.C. No. CV 99–02934–LGB (RNB).**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 15, 2001.

Decided Oct. 31, 2001.

Hernandez, Circuit Judge, dissented and filed opinion.

Before BOOCHEVER, FERNANDEZ, and FISHER, Circuit Judges.

MEMORANDUM *

Petitioner Arthur Taylor Lee appeals the district court's denial of his petition for habeas corpus under 28 U.S.C. § 2254. We have jurisdiction under 28 U.S.C. § 2253. We affirm in part and reverse in part.

In 1996, Lee was convicted in California of 1) discharge of a firearm with gross negligence (the "shooting charge") and 2) possession of a firearm by a felon (the "possession charge"). Lee claims he was deprived of his due process right to a fair trial by prosecutorial misconduct. He further claims that his trial counsel was ineffective for failing to object to that misconduct.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

Because Lee planned to testify at trial, the parties agreed to inform the jury that Lee had a prior felony conviction for maliciously setting a fire. In a sidebar, the prosecutor indicated she wanted the option of cross-examining Lee about the "nature" of his prior conviction. Defense counsel objected. The trial court decided to read only the name of the offense, and directed the prosecutor to request a bench conference before bringing up the nature or circumstances of the prior conviction. Nevertheless, during Lee's cross-examination, the prosecutor initiated the following exchange:

Q: Now, Mr. Lee, you told us that the felony of which you were convicted was maliciously setting fire, correct?

A: I had said yes to that. I thought it was attempted arson.

Q: Do you remember the circumstances of that offense, sir?

A: The circumstances meaning what? Do I remember what circumstances?

Q: Of that burning?

A: Burning? Circumstances mean what?

Q: Do you remember what you did?

A: Did I do it? I didn't do it.

Q: Do you know someone by the name of Phyllis Bigby?

A: Yes....she lived in that same complex ....

Q: Did you try to burn down her apartment and said that you would burn down the building because you thought she owed you $100?

A: I didn't do that, ma'am.

. . .

Q: Excuse me, isn't it a fact that police officers were at the scene and caught you right there?

. . .

A: Caught me doing what? How could you see through a wall? ...

Q: Sir, isn't it a fact that you were attempting to burn this woman's apartment, you were outside her apartment, you had taken some shotgun shells and you had covered them with some kind of paper or Kleenex and you were attempting to set them on fire, and two police officers who were in that building ... happened to catch you right there doing it, which was the second time you had tried to do it, because you tried to do it the day before?

A: No, ma'am.

On direct appeal, the California Court of Appeal found that this incident amounted to prosecutorial misconduct, but ruled that Lee waived the error by failing to object at trial. On state habeas corpus, Lee argued to the California Supreme Court that even if the error was waived, that waiver was excused by ineffective assistance of counsel. The California Supreme Court denied Lee's habeas petition in a one-sentence summary denial.

This petition is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L. No. 104–132, 110 Stat. 1214. *See Lindh v. Murphy,* 521 U.S. 320, 327, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). Under § 2254(d), Lee is entitled to habeas relief if he has developed his claim in state court and can prove the state court's decision was "contrary to, or an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). *See Williams v. Taylor,* 529 U.S. 420, 120 S.Ct. 1479, 146 L.Ed.2d 435 (2000).

Under California law, failure to object at trial is a procedural bar to appellate review on the merits. Thus, we can only consider Lee's prosecutorial misconduct claim on the merits if we find that the procedural default is excused by cause and was prejudicial. *See Edwards v. Carpenter,* 529 U.S. 446, 451, 120 S.Ct. 1587, 146

L.Ed.2d 518 (2000). Lee argues that the "cause" for the default was ineffective assistance of counsel. *See Murray v. Carrier,* 477 U.S. 478, 488, 106 S.Ct. 2639, 91 L.Ed.2d 397(1986). In order to demonstrate that his counsel was constitutionally ineffective, Lee must show that his lawyer's performance was objectively unreasonable and that he was prejudiced therefrom. *See id.; Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Although we begin with a strong presumption that defense counsel's conduct fell within the wide range of reasonable professional assistance, Lee may overcome that presumption by demonstrating that, under the circumstances, there was no discernible tactical explanation for his counsel's omission. *See Strickland,* 466 U.S. at 689, 104 S.Ct. 2052; *see also Harris v. Wood,* 64 F.3d 1432, 1435–38 (9th Cir. 1995); *United States v. Mitchell,* 1 F.3d 235, 243 (4th Cir.1993); *Mak v. Blodgett,* 970 F.2d 614, 619 (9th Cir.1992).

■ Having reviewed the record, we see no strategic or tactical justification for defense counsel's failure to object to the prosecutor's detailed recitation of the facts underlying Lee's prior conviction. The prosecutor's line of questioning was clearly improper under California law, *see People v. Heckathorne,* 202 Cal.App.3d 458, 248 Cal.Rptr. 399, 400–02 (1988), and in direct conflict with the instructions given to the prosecutor by the trial court, such that a defense objection most likely would have been sustained. Moreover, in the preceding sidebar discussion, Lee's counsel clearly opposed allowing the prosecutor to discuss the details of Lee's prior conviction, suggesting that counsel's subsequent failure to object was not the result of a conscious tactical decision. We therefore conclude that defense counsel's failure to object was not reasonable.

We also conclude that Lee was prejudiced because we believe that, but for defense counsel's error, there is a reasonable probability that the outcome of Lee's trial on the shooting charge would have been different. *See Strickland,* 466 U.S. at 694, 104 S.Ct. 2052. A "reasonable probability" is a probability sufficient to undermine our confidence in the outcome. *Id.*

The state's evidence against Lee on the shooting charge was weak.[1] One eyewitness testified that he heard a gunshot from the direction of Lee's apartment building, and shortly thereafter saw Lee standing on the balcony holding a smoking gun. Another witness heard the gunshot and saw Lee standing on the balcony shortly thereafter, but did not see a gun. Police arrived on the scene and arrested Lee within half an hour of the incident. The police performed a gunshot residue test on Lee, but it did not detect any residue.

The testimony of the prosecution witnesses was not inconsistent with Lee's theory of the case. Lee's defense was that another occupant of the apartment, Doug Thomas, fired the shot. Thomas testified that he found the gun in a box in the closet of Lee's apartment, took it out to the balcony, and fired it by accident. Immediately afterward, Lee claimed he ran out to the balcony, took the gun from Thomas, and asked what Thomas was doing. Lee, Thomas, and two other occupants of the apartment testified to this sequence of events.

Given the scant evidence against Lee on the shooting charge, it is clear that the jury's perception of Lee and his witnesses was pivotal to the outcome of the trial.

---

1. On the other hand, the evidence against Lee on the possession charge was much stronger. We therefore do not believe that counsel's errors prejudiced Lee with respect to the possession charge.

Because defense counsel failed to object to the prosecutor's discussion of Lee's prior conviction, the jury heard, without any specific or immediate limiting instructions, that Lee tried to burn down a woman's apartment because he thought she owed him $100, used shotgun shells, was caught red-handed, and had tried to set fire to the same apartment the day before.[2] This might have led the jury to believe that Lee was the type of violent and dangerous person who would recklessly fire a gun off a balcony.

Although the jury was given the general instruction that attorneys' questions and statements are not evidence, and was warned to consider "the fact that a witness has been convicted of a felony" only for the purposes of determining credibility, we are not convinced that these instructions were sufficient to cure the error. *See United States v. Mayfield*, 189 F.3d 895, 905 (9th Cir.1999) (noting that "general jury instructions" are sometimes insufficient to ensure the jury ignores highly prejudicial evidence). There is no indication in the record that the jury was informed it could consider neither Lee's propensity for violence nor the facts underlying his prior conviction in reaching its verdict. We therefore believe that Lee was prejudiced by counsel's failure to object to the prosecutor's discussion of Lee's prior conviction.

■ Because we conclude that the procedural default of Lee's prosecutorial mis-conduct claim is excused by ineffective assistance of counsel, we can consider the merits of that claim. Prosecutorial misconduct rises to the level of a constitutional violation when it "so infect[s] the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright*, 477 U.S. 168, 181, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986) (internal quotes omitted). As the Supreme Court explained, unfair prejudice to a defendant can occur when admission of certain evidence at trial creates a "risk that a jury will convict for crimes other than those charged—or that, uncertain of guilt, it will convict anyway because a bad person deserves punishment." *Old Chief v. United States*, 519 U.S. 172, 181, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997) (internal quotes omitted); *see also McKinney v. Rees*, 993 F.2d 1378, 1382–85 (9th Cir.1993) (admission of prejudicial evidence "fundamentally unfair" where there is no permissible inference jury can draw from that evidence).

In the present case, we think it reasonably likely that the jury convicted Lee for such an impermissible reason. As discussed above, the weakness of the state's case against Lee and the prejudicial nature of the prosecutor's comments raise an inference that the jury convicted Lee, not because of the evidence against him, but because it perceived him as the type of violent and dangerous person who would recklessly fire a gun off a balcony. The

---

**2.** Counsel's failure to object was especially prejudicial and damaging in light of other events that occurred at trial. Earlier in the trial, the prosecutor had been permitted to read into evidence a police report describing an incident in which Lee allegedly beat up his girlfriend, for the purpose of impeaching Lee's girlfriend as a defense witness. At another point, the prosecutor asked Lee on cross-examination if he pointed a gun at two people in a market. In addition, throughout Lee's cross-examination, the prosecutor made a number of comments disparaging his credi-bility, including: "Don't commit perjury again," "You just thought of that answer. That's very good," and "What did you mean a moment ago [when you said] am I getting it right? Are you getting what right, the testimony you've been rehearsing, sir?" Even assuming these events do not amount to constitutional error, we may consider them in determining whether, under the totality of the circumstances, Lee was prejudiced by the prosecutor's discussion of his prior conviction.

prosecutor's improper comments about Lee's prior conviction invited such impermissible reasoning by the jury, and we have serious doubts whether the jury would have convicted Lee on the shooting charge absent the prosecutor's prejudicial comments. We therefore agree with the California Court of Appeal that the prosecutor committed misconduct, and conclude that misconduct was of such a magnitude as to render Lee's trial fundamentally unfair and a denial of due process. We also conclude that the California Supreme Court's denial of Lee's state habeas petition amounted to an unreasonable application of the *Strickland* and *Darden* standards, such that federal habeas relief is appropriate.

Accordingly, we reverse the district court's dismissal of Lee's writ of habeas corpus with respect to the shooting charge, but affirm its decision on the possession charge. Furthermore, we remand with instructions to grant the writ with respect to the shooting charge only, unless the state retries Lee on the shooting charge within a reasonable amount of time, as determined by the district court.

AFFIRMED in part, REVERSED in part, and REMANDED.

FERNANDEZ, Circuit Judge, Dissenting.

I agree that the prosecutor did commit misconduct when she explored the details of Lee's prior arson conviction, even though some of that exploration was induced by his attempt to minimize the conviction. However, as I see it three pages of testimony in the midst of a lengthy (8 day) and acrimonious trial did not amount to error of such magnitude as to warrant a grant of the writ of habeas corpus. Even

had the error not been forfeited at the state level, it would not suffice. *See Brecht v. Abrahamson*, 507 U.S. 619, 638, 113 S.Ct. 1710, 1722, 123 L.Ed.2d 353 (1993); *Laboa v. Calderon*, 224 F.3d 972, 977 (9th Cir.2000); *Thompson v. Borg*, 74 F.3d 1571, 1577 (9th Cir.1996). Certainly, it cannot be said that defense counsel, who was a leal advocate in this trial, erred so egregiously when he did not object that we can dub him constitutionally ineffective. *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *Wildman v. Johnson*, 261 F.3d 832, 838 (9th Cir.2001); *Anderson v. Calderon*, 232 F.3d 1053, 1084 (9th Cir.2000), *petition for cert. filed* (Aug. 29, 2001) (No. 01–6576).

Neither a tendentious desire to change prosecutorial practices, nor a captious quest for perfect justice should allow Lee to induce us to issue a writ in this case. In fact, that is precisely what Congress tried to ward off when it adopted the AEDPA. *See, e.g.,* 28 U.S.C. § 2254(d). On this record,[1] the sally by the prosecutor was simply insufficient to result in a harmful constitutional violation.

Thus, I respectfully dissent.

---

1. The evidence against Lee was strong. For example, a shot was fired, a witness looked up right away (as soon as shot heard; almost immediately), and he saw Lee on the balcony with the proverbial smoking gun in his hand. Lee then lowered the gun toward the witness. Nobody else was on the balcony.